DISTRICT OF OREGON
**F I L E D**
August 09, 2013
Clerk, U.S. Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>LESTER G. MONK, and<br>MARY L. MONK,<br>　　　　　　　　Debtors. | Bankruptcy Case<br>No. 04-60712-fra13 |
| LESTER G. MONK, and<br>MARY L. MONK,<br>　　　　　　　　Plaintiffs<br><br>　　v.<br><br>LSI TITLE COMPANY OF OREGON, LLC,<br>LITTON LOAN SERVICING, LP,<br>U.S. NATIONAL BANK ASSOC., as Trustee<br>under a pooling and servicing agreement dated as of<br>March 1, 2002,<br>MORGAN STANLEY DEAN WITTER CAPITAL<br>I INC. TRUST 2002-NCI, and<br>DOES 1 through 10,<br>　　　　　　　　Defendants. | Adversary Proceeding<br>No. 10-6067-fra<br><br><br><br>MEMORANDUM OPINION |

　　This matter came on for trial on July 30, 2013, at the conclusion of which the Court took the matter under submission. After considering the evidence and testimony presented, the Court finds that the Defendants' due process rights were violated as they allege, necessitating the dismissal of this adversary proceeding. My reasons follow.

// // //

// // //

Page 1 - Memorandum Opinion

BACKGROUND

A. Debtors' Bankruptcy Case.

Debtors (Plaintiffs herein) filed a bankruptcy petition under chapter 13 on February 4, 2004. Debtors listed on Schedule D a claim held by PCFS Mortgage Resources secured by Debtors' personal residence in Selma, Ore. PCFS thereafter filed a proof of claim (#10) in the amount of $112,809. Debtors' chapter 13 plan was filed on February 19, 2004 and provided for a $150 per month payment through the Trustee to cure a pre-petition default to PCFS of $6,000 and also provided for the payment of ongoing mortgage payments directly to PCFS. The Plan was confirmed by order entered March 30, 2004.

During this time, the Trustee had attempted to obtain documentation from PCFS of its security interest and evidence of perfection. When PCFS failed to respond, the Trustee filed an objection to PCFS's $112,809 claim on the basis that the proof of claim did not include a copy of the security agreement and evidence of perfection. The objection was in the form of a self-executing order and notice thereof which gave PCFS 32 days either to send the requested documentation to the Trustee or to file a written request for hearing. Failure to respond in the manner required would result in the claim being "[d]isallowed in full." The objection/order was delivered to PCFS at the address listed in its proof of claim. No response was made and no appeal was filed to the order disallowing the claim. The Debtors continued in chapter 13, completed all required plan payments, and obtained an order of discharge on March 15, 2007. The case was closed on April 10, 2007. The Trustee's Final Account and Report discloses that no payments were made by the Trustee to PCFS on its arrearage claim.

B. The Adversary Proceeding.

On February 10, 2010, Debtors filed a motion to reopen their bankruptcy case in order to reinstate the automatic stay to prevent foreclosure of their residence and to file an adversary proceeding. The case was reopened on February 12 to allow the adversary proceeding to be filed and thereafter closed. This adversary proceeding was filed seeking several remedies, and a preliminary injunction preventing the complained of foreclosure was entered, after notice and hearing.

// // //

Page 2 - Memorandum Opinion

Complaint

The Complaint alleges that after the Debtors' discharge was entered, Defendant Litton, the successor to PCFS, began calling the Debtors demanding that they pay the debt that had been discharged in the Chapter 13 case and threatened to accelerate the loan if payment in full of all arrearages was not made. Thereafter, Litton extended an offer of a loan modification and Debtors, fearful of losing their home, signed the loan modification agreement.

Debtors made payments to Litton after the August 31, 2007 loan agreement, but were unable to make all the payments that Litton claims were owed. In June 2009, Litton began contacting the Debtors about alleged arrearages and again threatened foreclosure. Debtors demanded that Litton cease its unlawful collection efforts and requested information from Litton regarding the debt it was collecting, including an accounting.

On October 26, 2009, Defendant LSI Title Company (LSI) sent Debtors a Trustee's Notice of Sale, with the foreclosure sale set for March 4, 2010. Debtors dispute the amount due as well as LSI's claim that it is the trustee under the trust deed and entitled to conduct the foreclosure. Debtors contend that the foreclosure sale violates the Discharge Order entered in their bankruptcy case and does not conform to Oregon law regarding advertisement of trust deeds by advertisement and sale. The Complaint contains a number of claims, including sanctions for violation of the discharge injunction and stripping of the lien securing Defendant's claim.

DISCUSSION

The Court made certain rulings during the course of this litigation in response to the Defendants' motions to dismiss and for summary judgment, including a holding that, under the facts of this case, due to PCFS's claim being disallowed in full, its lien was thereafter void at discharge pursuant to 11 U.S.C. § 506(d). (See doc. ## 52 and 119). That ruling was interlocutory in nature, subject to a possible final judgment in favor of Plaintiffs. In the course of reviewing the evidence as part of the Defendants' motion and Plaintiffs' cross-motion for summary judgment, the Court determined that there remained a genuine issue of material fact regarding the sufficiency of the court's notice to PCFS of the Trustee's objection to claim and

Page 3 - Memorandum Opinion

resulting order denying that claim. The Plaintiffs' cross-motion for summary judgment was denied on that basis, and trial was scheduled on that matter prior to considering the claims asserted by Plaintiffs.

A. Service of the Objection to Claim was Inadequate

Objections to claim are governed by Fed.R.Bankr.R. 3007.[1] Rule 3007(a) provides that "[a] copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing."[2] An objection to claim is a contested matter, governed by Rule 9014. Rule 9014(b) requires that a motion initiating a contested matter be served in the manner provided for service of a summons and complaint by Rule 7004. Since the claimant in this matter was a corporation, service of the objection by mail was governed by Rule 7004(b)(3):

> Upon a domestic or foreign corporation....by mailing a copy of the [objection] to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process....

The Trustee's objection was mailed to PCFS at "PCFS Mortgage Resources, 309 Vine Street ML 175D, Cincinnati, OH 45202," the address provided by PCFS on its filed proof of claim.[3] It was not addressed to the attention of any officer or individual. In short, the service did not comply with Rules 9014 and 7004.

It has been argued in other courts that an objection to claim is not subject to Rules 9014(b) and 7004, and that notice by mail under Rule 3007(a) is sufficient. *See In re Anderson*, 330 B.R. 180 (Bankr. S.D.Tex.

---

[1] All references herein, unless otherwise specified, to a "Rule" are to the Federal Rules of Bankruptcy Procedure.

[2] The rule contemplates that a hearing will be set more than 30 days out as soon as the objection is received. Local practice provides that no hearing will be had unless the claimant affirmatively responds to the objection. Had the creditor in this case responded to the Trustee's objection to proof of claim, a hearing would have been conducted. This procedure is consistent with the Bankruptcy Code. See Code § 102(1)(B).

[3] Service to this address was made pursuant to Local Bankruptcy Rule 3007-1 and Local Bankruptcy Form 763, which require use of the current filed address. However, Federal Rules 9014 and 7004 govern service of an objection to claim, and no local rule can contradict the Federal Rules by replacing the service locations in Federal Rule 7004. *See In re Gordon*, 2013 WL 1163773, slip op. at 4 (Bankr. D.Nev. 2013)(cites to Fed.R.Bankr.P. 9029 which provides that a local bankruptcy rule cannot be inconsistent with the Federal Rules of Bankruptcy Procedure).

Page 4 - Memorandum Opinion

2005; *In re State Line Hotel, Inc.*, 323 B.R. 703 (9th Cir. BAP 2005).[4] Rule 9014(a) provides that "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion...." Rule 9014(b) specifies how service of that motion shall be made: pursuant to Rule 7004. The *Anderson* and *State Line* opinions hold that an objection to claim is not commenced with a "motion," and is "otherwise governed by" Rule 3007, making service under Rule 7004 unnecessary. In essence, that even though an objection to claim may be a contested matter, Rule 9014(a) defers to Rule 3007 regarding notice of an objection to claim.

This Court disagrees with the reasoning in the *Anderson* and vacated *State Line Hotel* opinions. The better reasoning is found in *In re Levoy*, 182 B.R. 827 (9th Cir. BAP 1995), a Bankruptcy Appellate Panel opinion decided before *State Line Hotel*, which this Court finds to be the controlling opinion in this Circuit.

> Fed.R.Bankr.P. 3007 does not provide the manner for service of the objection to a proof of claim. However, the rule's Advisory Committee Note states: "The contested matter initiated by an objection to a claim is governed by rule 9014...." Fed.R.Bankr.P. 9014, which pertains to contested matters, in turn, makes applicable the service provisions of Fed.R.Bankr.P. 7004.

*Id.* at 834. In essence, Rule 9014(b) provides the manner in which <u>service</u> of the objection to claim should be made, while Rule 3007(a) supplements that provision by providing more specific information about who should receive <u>notice</u> of the hearing and when. Rule 3007 is not a substitute for service of the objection to claim. The fact that a claim objection is initiated by an objection rather than a motion does not remove the matter from the service requirements of Rule 9014(b).

B. Defendants Did Not Receive Due Process

Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Defendants have the initial burden to establish a prima facie error in service. *In re Villar*, 317 B.R. 88, 94 (9th Cir. BAP 2004). That burden was satisfied because the proof of service of the objection to claim establishes on its face that service was not made pursuant to Rule 7004(b)(3). However, "[t]he standards for service on individuals and corporations are

---

[4] The *State Line Hotel* opinion was thereafter vacated as moot by the Court of Appeals. 242 Fed.Appx. 460, 2007 WL 1961935 (9th Cir. 2007).

Page 5 - Memorandum Opinion

to be liberally construed to further the purpose of finding personal jurisdiction in cases where the party has received *actual notice."* Id. *(italics in original).* In *Villar*, the Panel found that due process was lacking because service of the motion did not comply with Rule 7004 and that defective service deprived the intended recipient of its due process rights.

Plaintiffs' evidence established that the notice, which was unquestionably mailed to PCFS's address, was not returned, thus demonstrating that PCFS had actual notice of the objection. The inference is a fair one, and consistent with the so-called "mailbox rule," which holds that a document duly mailed is presumed to have been received, absent evidence of its return or some other misadventure. The Court can conclude from the evidence before it that the Trustee's objection found its way to PCFS and, perhaps, that some employee of PCFS opened the envelope and may have become aware of its contents. However, "[a] presumption that the mail was received by [PCFS] does not include the presumption that the [notice of objection to claim] was received by an officer or authorized agent. Only if the notice is 'directed to a corporation and the attention of an officer or agent as identified in Rule 7004(b)(3)' can it be considered to have been received by a person who is charged with responding to the service." *Villar* at 94 (internal citation omitted). Because there is no evidence, either actual or presumptive, that a party charged with responding to service received actual notice prior to entry of the order denying the claim, the defective service deprived PCFS of its due process rights. The order disallowing PCFS's proof of claim was therefore void *ab initio*. *Levoy*, 182 B.R. at 833.

## CONCLUSION

Since the order disallowing the claim was void, the lien was not avoided by the bankruptcy. The holder of a lien on a debtor's property may act after a case is closed to enforce the lien, and may enter into an agreement modifying the debt or the lien securing it. Defendants' actions after the plan was confirmed and the Debtors received their discharge and the case was closed did not violate the discharge injunction. Plaintiffs are not, therefore, entitled to any of the relief sought in their amended complaint, which must be dismissed. Defendants are entitled to their reasonable costs and attorney fees, as provided for in the

// // //

Page 6 - Memorandum Opinion

underlying agreements. The preliminary injunction will be dissolved effective on the date the order is entered closing the adversary proceeding.

The foregoing constitutes the Court's findings of fact and conclusions of law. Counsel for Defendants should submit a form of judgment consistent with this Memorandum Opinion.

FRANK R. ALLEY, III
Chief Bankruptcy Judge